1  LINDBERGH PORTER, Bar No. 100091
   MARY D. WALSH, Bar No. 197039
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street
   20th Floor
4  San Francisco, CA  94108.2693
   Telephone:   415.433.1940
5

   Attorneys for Defendant
6  LOCKHEED MARTIN CORPORATION AND
   GREG LOUIS
7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10 | WILLIE RICHARDSON, an individual;        | Case No.  CV 08 2441 EMC
11 |            Plaintiff,                    | **ANSWER TO COMPLAINT**
12 |       v.                                 |
13 | LOCKHEED MARTIN SPACE                    |
   | SYSTEMS CO., MISSILES & SPACE            |
14 | DIVISION a Corporation, GREG LOUIS       |
   | an individual, and DOES 1-10,            |
15 |                                          |
   |            Defendants.                   |
16

17         Lockheed Martin Corporation ("Lockheed Martin"), erroneously sued herein as

18 Lockheed Martin Space Systems, Co., Missiles & Space Division and Greg Louis ("Louis")

19 (collectively "Defendants") hereby answer the Complaint of Willie Richardson ("Plaintiff")  as

20 follows:

21                           **JURISDICTION AND VENUE**

22         1.      Defendants admit that jurisdiction is invoked pursuant to 28 U.S.C. §1331.

23 Defendants deny all remaining allegations contained in Paragraph 1 of the Complaint.

24         2.      Defendant Lockheed Martin admits that it operates in California, but denies

25 that its corporate headquarters are based in the district.  Defendants deny all remaining allegations

26 contained in Paragraph 2 of the Complaint.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

ANSWER TO COMPLAINT                                                       (No.  CV 08 2441 EMC)

## INTRODUCTION

3. Except to admit that Plaintiff brings this action for harassment, race discrimination, hostile work environment, retaliation, and wrongful termination and seeks damages, Defendants deny all remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and on that basis they are denied.

## THE PARTIES

5. Defendants admit that Plaintiff Richardson is an African-American male, whose original hire date with Lockheed Martin was September 9, 1985. Defendants further admit that Richardson's current occupation title is Truck Driver-Heavy and that Richardson works at Lockheed Martin's site at 1111 Lockheed Martin Way, Sunnyvale, California 94089. Defendants deny all remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit that Greg Louis is a Senior Manager for Transportation and Ground Operations at Lockheed Martin. Defendants deny all remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and on that basis they are denied.

8. The allegations in Paragraph 8 contain conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 8 of the Complaint.

## GENERAL ALLEGATIONS

9. Defendants incorporate by reference their answers and responses to the allegations contained in Paragraphs 1 through 8 above.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Except to admit that Plaintiff brings this action for harassment, race discrimination, hostile work environment, retaliation, and wrongful termination and seeks damages, Defendants deny all remaining allegations contained in Paragraph 12 of the Complaint. Defendants

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

ANSWER TO COMPLAINT             2.                          (No.  CV 08 2441 EMC)

1  further deny that Plaintiff is entitled to any of the relief sought in Paragraph 12 of the Complaint.

2     13. Defendants deny the allegations in Paragraph 13 of the Complaint.

3     14. Defendants deny the allegations in Paragraph 14 of the Complaint.

4     15. Defendants deny the allegations in Paragraph 15 of the Complaint.

5     16. Defendants deny the allegations in Paragraph 16 of the Complaint.

6     17. Defendants lack sufficient information concerning Plaintiff's dealing with

7  District Lodge 725 to form a belief as to the allegations in Paragraph 17 of the Complaint and deny

8  the allegations on that basis.

9     18. Defendants deny the allegations in Paragraph 18 of the Complaint.

10    19. Defendants deny the allegations in Paragraph 19 of the Complaint.

11    20. Defendants deny the allegations in Paragraph 20 of the Complaint.

12    21. Defendants deny the allegations in Paragraph 21 of the Complaint.

13    22. Defendants deny the allegations in Paragraph 22 of the Complaint.

14    23. Defendants deny the allegations in Paragraph 23 of the Complaint.

15    24. Defendants deny the allegations in Paragraph 24 of the Complaint.

16    25. Defendants deny the allegations in Paragraph 25 of the Complaint.

17    26. Defendants admit that in May 2006, Richardson sent a letter to Lockheed

18 Martin alleging that Louis harassed Richardson. Defendants deny the remaining allegations in

19 Paragraph 26 of the Complaint.

20    27. Defendants deny the allegations in Paragraph 27 of the Complaint.

21    28. Defendants deny the allegations in Paragraph 28 of the Complaint.

22    29. Defendants lack knowledge or information sufficient to form a belief as to the

23 truth of the allegations contained in Paragraph 29 of the Complaint and on that basis they are denied.

24    30. Lockheed Martin admits that it received a Notice of Filing of Discrimination

25 Complaint from the Department of Fair Employment and Housing dated June 21, 2007. Defendants

26 lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations

27 contained in Paragraph 30 of the Complaint and on that basis they are denied.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT     3.     (No. CV 08 2441 EMC)

1  31.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and on that basis they are denied.

32.  Defendants admit Plaintiff's manager met with him to discuss Plaintiff's job expectations and performance and told Plaintiff that he had the right to manage. Defendants deny all remaining allegations in Paragraph 32 of the Complaint.

33.  Defendants admit that a Pre-step meeting was held on or about July 23, 2007. Defendants further admit that the parties discussed whether Richardson's complaints were made within the 23 days required to process a complaint under the collective bargaining agreement. Defendants deny any remaining allegations in Paragraph 33 of the Complaint.

34.  Defendants admit Plaintiff filed a grievance with the International Association of Machinists and Aerospace Workers Aerospace Defense Related District Lodge No. 725 on or about July 24, 2007 (No. FX-2850) requesting that "Greg Louis and Gary Erickson cease and desist harassment." Defendants deny any remaining allegations in Paragraph 34 of the Complaint.

35.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and on that basis they are denied.

36.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and on that basis they are denied.

37.  Defendants admit that Gary Erickson and a lead met with Plaintiff to discuss his 2007 performance evaluation. Defendants further admit that Plaintiff refused to sign the evaluation. Defendants deny any remaining allegations in Paragraph 37 of the Complaint.

38.  Defendants deny the allegations in Paragraph 38 of the Complaint.

39.  Defendants admit that Plaintiff was questioned and investigated for failing to tie down his load properly. Defendants deny any remaining allegations in Paragraph 39 of the Complaint.

40.  Defendants deny the allegations in Paragraph 40 of the Complaint.

41.  Defendants admit that Plaintiff's start time was changed to 7:30. Defendants deny all remaining allegations contained in Paragraph 41 of the Complaint.

42.  Defendants deny the allegations in Paragraph 42 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT             4.                    (No. CV 08 2441 EMC)

43.     Defendants admit that the General Transportation Department, where Plaintiff was employed, received an award for contributions during a building move. Defendants deny all remaining allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants admit that when Alan Oliver returned from a medical leave he was scheduled to work a 6:00 a.m. to 2:30 p.m. shift. Defendants deny all remaining allegations in Paragraph 47 of the Complaint.

48.     Defendants deny that Plaintiff suffered any injuries or that Defendants caused Plaintiff's injuries. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Complaint and on that basis they are denied.

### FIRST CAUSE OF ACTION-HARASSMENT

49.     Defendants incorporate by reference their answers and responses to the allegations contained in Paragraphs 1 through 48 above.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint. Defendants further deny that Plaintiff is entitled to the relief sought in Paragraph 52 of the Compliant.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint. Defendants further deny that Plaintiff is entitled to the relief sought in Paragraph 53 of the Compliant.

### SECOND CAUSE OF ACTION-DISCRIMINATION

54.     Defendants incorporate by reference their answers and responses to the allegations contained in Paragraphs 1 through 53 above.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                   5.                    (No. CV 08 2441 EMC)

56.    Defendants deny the allegations in Paragraph 56 of the Complaint.

57.    Defendants deny the allegations in Paragraph 57 of the Complaint. Defendants further deny that Plaintiff is entitled to the relief sought in Paragraph 57 of the Compliant.

58.    Defendants deny the allegations in Paragraph 58 of the Complaint. Defendants further deny that Plaintiff is entitled to the relief sought in Paragraph 58 of the Compliant.

**THIRD CAUSE OF ACTION-RETALIATION**

59.    Defendants incorporate by reference their answers and responses to the allegations contained in Paragraphs 1 through 58 above.

60.    The first sentence of Paragraph 60 contains conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in the first sentence of Paragraph 60 of the Complaint. Defendants deny the remaining allegations in Paragraph 60 of the Complaint.

61.    Defendants deny the allegations in Paragraph 61 of the Complaint.

62.    Defendants deny the allegations in Paragraph 62 of the Complaint.

63.    Defendants deny the allegations in Paragraph 63 of the Complaint.

64.    Defendants deny the allegations in Paragraph 64 of the Complaint.

65.    Paragraph 65 contains conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 65 of the Complaint. Defendants deny the remaining allegations in Paragraph 65 of the Complaint. Defendants further deny that Plaintiff is entitled to the relief sought in Paragraph 65 of the Compliant.

**FOURTH CAUSE OF ACTION-HOSTILE WORK ENVIRONMENT**

66.    Defendants incorporate by reference their answers and responses to the allegations contained in Paragraphs 1 through 65 above.

67.    Defendants deny the allegations in Paragraph 67 of the Complaint (mis-numbered as Paragraph 65).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT      6.      (No. CV 08 2441 EMC)

1  68. Defendants deny the allegations in Paragraph 68 of the Complaint (mis-numbered as Paragraph 66).

2  69. Defendants deny the allegations in Paragraph 69 of the Complaint (mis-numbered as Paragraph 67).

3  70. Defendants deny the allegations in Paragraph 70 of the Complaint (mis-numbered as Paragraph 68).

4  71. Defendants deny the allegations in Paragraph 71 of the Complaint (mis-numbered as Paragraph 69).

### FIFTH CAUSE OF ACTION-WRONGFUL TERMINATION

72. Defendants incorporate by reference their answers and responses to the allegations contained in Paragraphs 1 through 71 above.

73. Defendants deny the allegations in Paragraph 73 of the Complaint (mis-numbered as Paragraph 71).

74. Defendants deny the allegations in Paragraph 74 of the Complaint (mis-numbered as Paragraph 72).

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint (mis-numbered as Paragraph 73). Defendants further deny that Plaintiff is entitled to the relief sought in Paragraph 75 of the Compliant (mis-numbered as Paragraph 73).

### PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief sought in Paragraphs 1 through 4 of Plaintiff's Prayer for Relief.

### DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendants allege the following defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

### FIRST DEFENSE

The Complaint, and each purported cause of action alleged therein, fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                   7.                      (No. CV 08 2441 EMC)

## SECOND DEFENSE

The Complaint and each purported cause of action therein alleged are barred, in whole or in part, by the applicable statute(s) of limitations, including, but not limited to, 42 U.S.C. §§ 2000e *et seq.*; California Code of Civil Procedure §§ 335.1 and California Government Code §§ 12960 and 12965(b).

## THIRD DEFENSE

Maintenance of this action under Title VII or the California Fair Employment and Housing Act is barred to the extent the Complaint seeks monetary relief for any alleged unlawful employment practice or practices under these statutes which occurred more than 180 days or one year, respectively, prior to the filing of a charge in which unlawful employment practices were presented on behalf of the person alleged to be aggrieved by said practice or practices.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to exhaust all applicable grievance procedures contained in the collective bargaining agreement between Defendant Lockheed Martin and Plaintiff's union.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to exhaust all available administrative remedies and/or otherwise failed to comply with the statutory prerequisites under California Fair Employment and Housing Act, California Government Code section 12900, *et seq.*

## SIXTH DEFENSE

Plaintiff's claims are preempted and/or barred, in whole or in part, by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## SEVENTH DEFENSE

Plaintiff's claims are preempted and/or barred, in whole or in part, by National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, *et seq.*, as amended.

## EIGHTH DEFENSE

Plaintiff's exclusive remedy for any alleged physical or emotional injuries lies under

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT    8.    (No. CV 08 2441 EMC)

the provisions of the California Workers' Compensation Act, Labor Code section 3600, *et seq.*, because to the extent that such injuries exist (which Defendants deny), they arose out of and were sustained during the course of Plaintiff's employment by Defendant Lockheed Martin.

### NINTH DEFENSE

To the extent that Plaintiff has suffered mental or emotional distress, such distress was caused, in whole or in part, by the conduct of a third party unrelated to or not employed by Defendants.

### TENTH DEFENSE

Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred or Plaintiff's recovery of damages must be reduced or denied under the doctrine of after-acquired evidence.

### SIXTEENTH DEFENSE

Defendant Lockheed Martin promulgated an anti-discrimination policy and complaint procedure which was communicated to Plaintiff, and Defendant Lockheed Martin exercised reasonable care to prevent and correct promptly any inappropriate conduct. Plaintiff unreasonably failed to take advantage of the established complaint procedure, failed to take advantage of other preventative or corrective opportunities provided by Defendant Lockheed Martin and otherwise failed to avoid harm.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                          9.                          (No. CV 08 2441 EMC)

**SEVENTEENTH DEFENSE**

To the extent that Plaintiff was subjected to unlawful discrimination, harassment, or retaliation during his employment with Defendant Lockheed Martin, and if such discrimination, harassment, or retaliation was by an agent or employee of Defendant Lockheed Martin, that person acted contrary to Defendant Lockheed Martin's express policies and outside the course and scope of his/her employment with Defendant Lockheed Martin at the time any such unlawful discrimination, harassment, or retaliation occurred.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of avoidable consequences.

**NINETEENTH DEFENSE**

All actions taken toward Plaintiff were for legitimate, good faith and nondiscriminatory reasons, based on all relevant facts and circumstances known by it at the time.

**TWENTIETH DEFENSE**

The Complaint and each cause of action set forth therein cannot be maintained against Defendants because, without admitting the existence of any duties or obligations as alleged in the Complaint, Defendants have fully performed, satisfied or discharged any duties or obligations which Plaintiff claims are owed by Defendants.

**TWENTY-FIRST DEFENSE**

Plaintiff is not entitled to recover punitive or exemplary damages because California and federal laws regarding the alleged conduct in question are too vague to permit the imposition of punitive damages and because any award of exemplary damages would violate Defendants' constitutional rights under the provisions of the United States or California constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

**TWENTY-SECOND DEFENSE**

Defendants do not presently know all of the facts concerning Plaintiff's conduct sufficient to state all affirmative defenses at this time, and reserve the right to seek leave to amend

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                10.                (No. CV 08 2441 EMC)

this Answer should they later discover facts to support additional affirmative defenses.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendants;

2. That Defendants be awarded their reasonable costs and attorneys' fees; and

3. That Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: June 19, 2008

*// Lindbergh Porter, Jr.*
LINDBERGH PORTER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LOCKHEED MARTIN CORPORATION
AND GREG LOUIS

Firmwide:85407107.1 051770.1007

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                    11.                    (No. CV 08 2441 EMC)