1    LINDBERGH PORTER, Bar No. 100091
     MARY D. WALSH, Bar No. 197039
2    LITTLER MENDELSON
     A Professional Corporation
3    650 California Street
     20th Floor
4    San Francisco, CA  94108.2693
     Telephone:    415.433.1940
5    Facsimile:     415.399.8490

6    Attorneys for Defendants
     LOCKHEED MARTIN CORPORATION AND
7    GREG LOUIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE RICHARDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>LOCKHEED MARTIN SPACE SYSTEMS CO., MISSILES & SPACE DIVISION a Corporation, GREG LOUIS an individual, and DOES 1-10,<br><br>        Defendant. | Case No. CV 08 2441 EMC<br><br>**DEFENDANTS' CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>Date: September 12, 2008<br>Time: 8:30 a.m.<br>Judge: Charles R. Breyer<br>Courtroom: 8 |

        Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Defendants Lockheed Martin Corporation ("Lockheed") (erroneously sued herein as Lockheed Martin Space Systems, Co., Missiles & Space Division) and Greg Louis ("Louis") (collectively "Defendants") submit this Case Management Statement and Rule 26(f) report in anticipation of the case management conference scheduled for September 12, 2008 at 8:30 a.m.

        The parties conducted initial meet and confer discussions pursuant to Rule 26. Defendants sent Plaintiff's counsel draft Joint Case Management Conference Statements for their review and input. However, the parties have been unable to complete a Joint Case Management Conference Statement prior to the deadline to file the statement. Accordingly, Defendants submit this individual Case Management Conference statement.

        As discussed below, the parties have reached an agreement to mediate the matter with

JOINT CMC STATEMENT AND RULE 26(F)
REPORT (NO. CV 08 2441 EMC)

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1  JAMS on October 7, 2008. In the interest of judicial economy, Defendants would request that the
2  Court continue the Case Management Conference currently scheduled for September 12, 2008 to a
3  date after the mediation. Based on discussions with Plaintiff's counsel, Defendants believe
4  Plaintiff's would join in that request.

### A. Jurisdiction and Service

Defendants assert that Plaintiff's claims are pre-empted by the National Labor Relations Act and/or Labor Management Relations Act, and that the Court has jurisdiction on that basis. All parties have been served.

### B. Defendants' Statement of Facts

Plaintiff, Willie Richardson, began working at Lockheed in September 1985. Mr. Richardson has a history of disciplinary events at Lockheed that have been submitted to and resolved (or currently are pending) under a collective bargaining agreement (CBA) between Lockheed and the International Association of Machinists and Aerospace Workers (IAM). The disciplinary events all have involved violations of Lockheed policy, work rules, and/or safety rules.

In his Complaint, Mr. Richardson asserts that some or all of the disciplinary events constituted discrimination and/or harassment based on his race and retaliation. Lockheed maintains that its actions were taken for legitimate non-discriminatory reasons and were not motivated by race. Lockheed further maintains that all Mr. Richardson's complaints, past and present, have been and are subject to exclusive resolution under the CBA.

### C. Defendant's Statement of Legal Issues

- Whether Plaintiff's claims are preempted by the Labor Management Relations Act (LMRA) and/or the National Labor Relations Act (NLRA).
- Whether Plaintiff's claims are barred by the statute of limitations under the LMRA, NLRA, Title VII of the Civil Rights Act of 1964, or California Law.
- Whether Defendants violated Title VII of the Civil Rights Act of 1964 by subjecting Plaintiff to racial harassment.
- Whether Defendants violated the Fair Employment and Housing Act (FEHA) by subjecting Plaintiff to racial harassment.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CMC STATEMENT AND RULE 26(F) REPORT (NO. CV 08 2441 EMC)    2.

- Whether Defendant Lockheed violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff because of his race.
- Whether Defendant Lockheed violated Title VII of the Civil Rights Act of 1964 by subjecting Plaintiff to retaliation for making complaints of discrimination and harassment.
- Whether Defendants wrongfully terminated Plaintiff's employment in violation of public policy.
- Whether Plaintiff suffered any economic loss because of the acts alleged in the Complaint;
- Whether Plaintiff suffered any emotional distress or pain and suffering as a result of the acts alleged in the Complaint.
- Whether Defendants acted with malice or in reckless disregard for the protected rights of Plaintiff.

**D.  Motions**

Defendants anticipate filing a Motion for Summary Judgment and/or Partial Summary Judgment.

**E.  Amendment of Pleadings**

Plaintiff has advised Defendants that he will seek leave to amend his Complaint.

**F.  Evidence Preservation**

Defendants have taken steps to preserve information relevant to the issues reasonably evident in this action, including interdiction of document destruction programs applicable to such documents.

**G.  Disclosures**

Defendants have proposed to Plaintiff that the parties exchange initial disclosures after the parties' mediation, which is scheduled for October 7, 2008.

**H.  Discovery**

Defendants propose to the Court the following discovery plan:

Defendants have not yet begun discovery in this action.  Defendants intend to depose

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CMC STATEMENT AND RULE 26(F) REPORT (NO. CV 08 2441 EMC)   3.

Plaintiff and other individuals identified as having knowledge regarding claims and defenses in this action. Defendants may serve requests for production, interrogatories, and requests for admission.

### 1. **Limits on Discovery**

Defendants propose no changes to the limits imposed under the Federal Rules of Civil Procedure or Local Rules with the following exception:

Defendants anticipate that they will need more than seven (7) hours to complete Plaintiff's deposition, and request that the Court grant additional time.

### 2. **Discovery of Electronically Stored Information**

Defendants will produce electronically stored information in a .tiff or .pdf form on a CD unless the requesting party specifically requests the information in another form.

**I.  Class Actions**

This case is not a class action.

**J.  Related Cases**

There are no related cases.

**K.  Relief**

Defendants may seek to recover attorneys fees and/or costs.

**L.  Settlement and Alternative Dispute Resolution**

The parties have stipulated to private mediation before JAMS on October 7, 2008.

**M.  Consent to Magistrate Judge for All Purposes**

Defendants do not consent to assignment of this case to a Magistrate Judge for trial.

**N.  Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**O.  Narrowing of Issues**

At this time Defendants do not believe there are any issues that can be narrowed by agreement. Defendants will meet and confer with Plaintiff prior to trial to attempt to expedite the admission of evidence through stipulation.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CMC STATEMENT AND RULE 26(F) REPORT (NO. CV 08 2441 EMC)    4.

1    **P.     Expedited Schedule**

2    Defendants do not believe this case is suitable for an expedited schedule.

3    **Q.     Scheduling**

4    Pursuant to the parties' stipulation, the Court referred the matter to private mediation. The parties have agreed to mediate the matter with JAMS on October 7, 2008. Defendants request that the Court set this matter for another Case Management Conference and defer issuing a scheduling order until after the parties have completed mediation.

8    **R.     Trial**

9    Defendants estimate the length of trial to be 7-10 court days.

10   **S.     Disclosure of Non-Party Interested Entities or Persons**

11   Defendant Lockheed is filing its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. Defendant Lockheed restates that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:  State Street Bank and Trust Co. (ownership of stock).

Dated: September 5, 2008              */s/ Lindbergh Porter*
                                      LINDBERGH PORTER
                                      MARY D. WALSH
                                      LITTLER MENDELSON
                                      A Professional Corporation
                                      Attorneys for Defendant
                                      LOCKHEED MARTIN SPACE SYSTEMS CO.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CMC STATEMENT AND RULE 26(F) REPORT (NO. CV 08 2441 EMC)    5.